CV 18 - 1818

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JOSE GUADALUPE LLAGAS BOLANOS,

                Plaintiff,

        v.

LUTHERAN MEDICAL CENTER PHYSICIAN
HOSPITAL ORGANIZATION, INC., LUTHERAN
MEDICAL CENTER COMMUNITY
FOUNDATION, INC., THOMAS LARKIN, M.D.,
OLEG MELNYK, SHARIQUE NAZIR, M.D.,
RABIH NEMR M.D., IRENA W. RYNCARZ,
NAZIR TRAUMA M.D., DIANA VERED, KIRILL
ZAKHAROV, M.D., CHRISTOPHER
ZAMBRANO, M.D., PIERSON EBROM,
EMANUAL HOQUE, MIROSLAV KOPP,

                Defendants.
_____

Civil Action No. 18-CV-

DEARIE, J.

(GOLD, M.J.)

**NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
        THE EASTERN DISTRICT OF NEW YORK:

      PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State of New

York, County of Kings, has been removed to the United States District Court for the Eastern

District of New York.

      RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York,

by SEAN P. GREENE, Assistant United States Attorney, of counsel, respectfully states the

following facts upon information and belief:

      1.     The above-captioned action was commenced in the Supreme Court of the State of

New York, County of Kings, Index No. 508991/2017, and names as defendants LUTHERAN

MEDICAL CENTER PHYSICIAN HOSPITAL ORGANIZATION, INC., LUTHERAN

MEDICAL CENTER COMMUNITY FOUNDATION, INC., THOMAS LARKIN, M.D., OLEG

MELNYK, SHARIQUE NAZIR, M.D., RABIH NEMR M.D., IRENA W. RYNCARZ, NAZIR TRAUMA M.D., DIANA VERED, KIRILL ZAKHAROV, M.D., CHRISTOPHER ZAMBRANO, M.D., PIERSON EBROM, EMANUAL HOQUE, MIROSLAV KOPP. *See* Summons and Verified Complaint, dated May 5, 2017, annexed hereto as Exhibit A.

2.     On or about November 3, 2017, defendant Rabih Nemr, M.D., filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit B.

3.     On or about November 8, 2017, defendant Sharique Nazir, M.D., filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit C.

4.     On or about November 20, 2017, defendant Thomas G. Larkin, M.D. s/h/a Thomas Larkin, M.D., filed a Verified Answer in the Supreme Court of the State of New York. *See* Verified Answer, annexed hereto as Exhibit D.

5.     This action alleges medical malpractice on the part of the defendants. Specifically, the complaint alleges that beginning on or about November 6, 2014, defendants were negligent in the medical care and treatment rendered to plaintiff. *See generally* Exhibit A.

6.     At all relevant times referred to in the Complaint, defendant Dana Vered s/h/a Diana Vered ("Vered") was a Physical Therapist and an employee of Sunset Park Health Council Inc. d/b/a Lutheran Family Health Centers ("Health Center"), a federally supported health center and deemed by the Department of Health and Human Services, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) ("FSHCAA"), eligible for coverage under the Federal Tort Claims Act, and was acting within the course and scope of such deemed employment with the United States of America. *See* Declaration of Meredith Torres, annexed

2

hereto as Exhibit E.

7.      At all relevant times articulated in the Complaint, defendant Vered, as an employee of the Health Center, was deemed, pursuant to 42 U.S.C. § 233(g)- (h), eligible for coverage under the Federal Tort Claims Act, and was acting within the course and scope of such deemed employment with the United States of America. *See* Certification of Scope of Employment and Notice of Substitution of the United States of America by Assistant U.S. Attorney Sean P. Greene, dated March 26, 2018, attached hereto as Exhibit F.

8.      Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), this action may be removed to this Court because the Verified Complaint purports to assert claims against the United States of America, by way of defendant Vered, and purports to raise matters under federal law.

9.      Pursuant to 42 U.S.C. § 233(c), 28 U.S.C. § 2679, 28 C.F.R. § 15.4, and the Certification of Scope of Employment, the United States of America is substituted as the party defendant for defendant Vered. *See* Certification of Scope of Employment (Exhibit F).

10.      Pursuant to 28 U.S.C. §§ 2408 and 2679(d)(2) and 42 U.S.C. § 233(c), the United States of America may remove this action without a bond.

11.      Plaintiff has not submitted an administrative tort claim to the Department of Health and Human Services.

12.      The United States Attorney's Office has not yet been served with the Summons and Verified Complaint in this action.

13.      In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this Notice with the Clerk of the Court, Supreme Court of the State of New York, County of Kings, shall affect the removal and the local court shall proceed no further with respect to the action, unless and until the case is remanded.

WHEREFORE, it is respectfully requested that the above-captioned action that is pending

in the Supreme Court for the State of New York, County of Kings be removed to his Court.

Dated: Brooklyn, New York
      March 26, 2018

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____

SEAN P. GREENE
Assistant U.S. Attorney
(718) 254-6484
sean.greene@usdoj.gov

To:    Clerk of the Court (by ECF)
       Supreme Court of the State of New York
       County of Kings
       360 Adams Street
       Brooklyn, NY 11201

       David B. Rankin, Esq. (by ECF and Federal Express)
       BELDOCK LEVINE & HOFFMAN LLP
       99 Park Avenue, PH/26th Floor
       New York, New York 10016
       (212) 277-5825
       *Attorneys for Plaintiff*

       Kathryn R. Baxter, Esq. (by ECF and Federal Express)
       Ida R. Nininger, Esq.
       Nancy J. Block, Esq.
       MARTIN CLEARWATER & BELL, LLP
       220 East 42nd Street, 13th Floor
       New York, New York 10017
       (212) 697-3122
       *Attorneys for Defendants Lutheran Medical Center Physician Hospital Organization,*
       *Inc., Lutheran Medical Center Community Foundation, Inc., Oleg Melnyk, Irena W.*
       *Ryncraz, Kirill Zakharov, M.D., Pierson Ebrom, D.O., Emanual Hoque, P.A.,*
       *and Miroslav Kopp*

Eric R. Mishara, Esq. (by ECF and Federal Express)
John P. Kelly, Esq.
SCHIAVETTI, CORGAN, DIEDWARDS, WEINBERG & NICHOLSON, LLP
575 Eighth Avenue, 14th Floor
New York, New York 10018
(212) 541-9100
*Attorneys for Defendant Rabih Nemr, M.D.*

Paul M. DeCarlo, Esq. (by ECF and Federal Express)
Stephanie M. Berger, Esq.
AMABILE & ERMAN, P.C.
1000 South Avenue
Staten Island, New York 10314
(718) 370-7030
*Attorneys for Defendant Sharique Nazir, M.D.*

Franca M. Gulotta, Esq. (by ECF and Federal Express)
LAW OFFICES OF BENVENUTO & SLATTERY
1800 Northern Boulevard
Roslyn, New York 11576
(516) 775-2236
*Attorneys for Defendant Thomas G. Larkin, M.D. s/h/a Thomas Larkin, M.D.*

# Exhibit A

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Jose Guadalupe Llagas Bolanos, | **SUMMONS** |
| Plaintiffs, | Index No.: |
| -v- | Date Filed: |
| Lutheran Medical Center Physician Hospital Organization, Inc., Lutheran Medical Center Community Foundation, Inc., Thomas Larkin, M.D., Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana Vered, Kirill Zakharov, M.D., Christopher Zambrano, M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp, | Venue: KINGS COUNTY |
| | Basis of Venue: Location of Incident and location of Defendants' business. |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

*YOU ARE HEREBY SUMMONED* and required to serve upon plaintiff's attorney, at his address stated below, an answer to the attached complaint.

If this summons was personally served upon you in the State of New York, the answer must be served within 20 days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within 30 days after service of the summons is complete as provided by law. If you do not serve an answer to the attached complaint within the applicable time limitation, a judgment may be entered against you, by plaintiff, for the relief demanded in the complaint, without further notice to you.

The action will be heard in the Supreme Court of the State of New York, in and for the County of Kings. This action is brought in the County of Kings because it is the place in which the torts originated.

Dated:          May 5, 2017
                New York, New York

By: _____
    David B. Rankin, Esq.
    *Attorney for the Plaintiff*
    11 Park Place, Suite 914
    New York, New York 10013
    t: 212-226-4507

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

Jose Guadalupe Llagas Bolanos,

                    Plaintiffs,

                    -v-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

                    Defendants.

---

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Index No.

Jose Guadalupe Llagas Bolanos, by her attorneys, David B. Rankin, for his Verified

Amended Complaint, alleges as follows:

## PARTIES AND JURISDICTION

1.    At all times hereinafter mentioned, Plaintiff Jose Guadalupe Llagas Bolanos was and is

still a resident of the County of Kings in the State of New York.

2.    On information and belief, at all times mentioned, defendant Lutheran Medical Center

Physician Hospital Organization, Inc. was and is a corporation under the laws of the State of

New York, and did and does own, operate, manage and control a hospital (hereinafter "Lutheran

Medical Center") located at 150 55th Street, in the County of Kings, New York for the care and

treatment of persons afflicted with illness, disease, injury or medical condition.

3.    On information and belief, at all times mentioned, defendant Lutheran Medical Center

Community Foundation, Inc. was and is a corporation under the laws of the State of New York,

and did and does own, operate, manage and control Lutheran Medical Center in the County of

1

Kings, New York for the care and treatment of persons afflicted with illness, disease, injury or medical condition.

4.     Lutheran Medical Center Physician Hospital Organization, Inc. and Lutheran Medical Center Community Foundation, Inc. are hereinafter referred to as "Defendants Lutheran Medical Center."

5.     On information and belief, at all times mentioned defendants are physicians licensed to practice medicine in the State of New York or licensed medical professionals representing themselves to be so licensed, and engaged in the practice of their profession in the State of New York.

6.     On information and belief, at all times mentioned, defendants represented themselves to be having special knowledge and skill in surgery and in the diagnosis and treatment of the medical conditions with which plaintiff was afflicted, and that they possessed and exercised the standard of learning, skill, care, knowledge and diligence of such specialists.

7.     On information and belief, at all times mentioned, defendants represented themselves to be medical practitioners, licensed to practice medicine in the State of New York, representing themselves to be so licensed, and engaged in the practice of their profession in the State of New York.

8.     Defendants, Thomas Larkin, M.D., Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana Vered, Kirill Zakharov, M.D., Christopher Zambrano, M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp, hereinafter referred to as the "individual defendants." The individual defendants were acting for and on behalf of Defendants Lutheran Medical Center at all times relevant herein, with the power and authority vested in

2

them as agents and employees of the City of Defendants Lutheran Medical Center, and incidental to their duties as agents and employees.

9.  The defendants' acts hereafter complained of were carried out negligently, intentionally, recklessly, or with malice and gross disregard for their duty to Mr. Bolanos.

10.  At all relevant times, the defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## VENUE

11.  Venue is properly laid in the Supreme Court of the State of New York, County of Kings because the torts originated in the County of Kings.

## STATEMENT OF FACTS

12.  On November 6, 2014, Mr. Bolanos suffered serious injury to his knee and person and was transported to Lutheran Medical Center.

13.  Mr. Bolanos was admitted to Lutheran Medical Center as an in-patient and the individual defendants met with, examined, diagnosed, treated and advised Mr. Bolanos in regards to his injuries and condition.

14.  On information and belief, the individual defendants diagnosed Mr. Llagas' injuries and condition, and advised plaintiff that he needed surgical treatment and recommended that he submit to surgical treatment.

15.  On information and belief, in the course of the services rendered to the plaintiff wherein he had a surgery on his right patella which was performed by Thomas Larkin, M.D. upon him at Lutheran Medical Center on November 7, 2014.

3

16.     On information and belief, the defendants, as part of their services, continued to render such services to the plaintiff while he was hospitalized, and until his release and/or transfer, and subsequently continued to provide information, service, and advice.

### FIRST CLAIM FOR RELIEF
### MEDICAL MALPRACTICE

17.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18.     The individual defendants, in rendering services to plaintiff, owed him the duty of possessing and exercising the degree of learning, knowledge, skill, care, and diligence which was ordinarily possessed and exercised by physicians and medical practitioners in the community.

19.     Defendants Thomas Larkin, M.D., Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana Vered, Kirill Zakharov, M.D., Christopher Zambrano, M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp, in rendering services to the plaintiff, owed him the duty of possessing and exercising the degree of learning, knowledge, skill, care, and diligence which was ordinarily possessed and exercised by physicians in the community holding themselves out as having special knowledge and skill in the diagnosis and treatment of conditions afflicting the plaintiff.

20.     Defendants Lutheran Medical Center, in rendering services to the plaintiff, owed him the duty to use the degree of care, skill, and diligence used by hospitals generally in the community. It was the duty of Defendants Lutheran Medical Center to exercise reasonable care to see that the plaintiff obtained proper medical and hospital care and attention, in the course of rendering services to him.

21.     On information and belief, the violations of duty and negligence of defendants, the injuries and damage to plaintiff further consisted of, among other things, that the defendants, by

4

themselves and by their agents, servants and employees, on the business of the defendants and in the scope of their authority, in the services rendered to the plaintiff preoperatively, operatively, post-operatively and in the after-care did not possess that reasonable degree of learning, skill and competence that is ordinarily possessed, in the rendition of such services, by physicians, hospitals and personnel practicing their business and profession in the community nor that degree of special knowledge, skill and experience necessary in the exercise of their learning, skill and competence and the application thereof in the services to the plaintiff for which they were employed; did not use their best judgment in exercising their skill and applying their knowledge; did not follow the accepted practice and procedure in the community and followed unaccepted practice and procedure; withheld from, and gave wrong or inadequate information and directions to, plaintiffs and persons treating and curing the plaintiff as to the cause and nature of the plaintiff's injuries and illness; rendered services to the plaintiff in such negligent and improper manner as to cause her injury and failed to take proper procedures to cure her or prevent or diminish the effect of her injuries; and otherwise violated their duties and were negligent.

22.     Through the acts or omissions described above, the defendants deviated from the acceptable standards of medical care during their evaluation and treatment of Mr. Bolanos.

23.     The defendants, jointly and severally, acting by themselves and through their agents, servants and employees who were acting in the scope of their authority and on the business of the defendants, violated their duties to the plaintiff and caused injury, pain and suffering, and damage to plaintiff.

24.     The acts and conduct of defendants were the direct and proximate cause of injury and damage to Mr. Bolanos and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

5

25.    As a result of the foregoing, Mr. Bolanos, suffered conscious pain and suffering, damage, and injury.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE AND NEGLIGENT HIRING AND RETENTION

26.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27.    Defendants jointly and severally, negligently caused death, injury, pain and suffering, and damage to Mr. Bolanos. The acts and conduct of defendants were the direct and proximate cause of death, injury and damage to Mr. Bolanos and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28.    Defendants Lutheran Medical Center negligently hired, screened, retained, supervised, and trained the individual defendants complained of. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and Mr. Bolanos and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

29.    As a result o the foregoing, Mr. Bolanos, suffered conscious pain and suffering, damage, and injury.

## THIRD CLAIM FOR RELIEF
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND
## CORPORATE DEFENDANTS

30.    Plaintiff incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31.    The conduct of individual defendants as alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as corrections officers, doctors and nurses, and/or while they were acting as agents and employees

6

of Defendants Lutheran Medical Center and, as a result, Defendants Lutheran Medical Center are liable to Mr. Bolanos pursuant to the state common law doctrine of respondeat superior.

32.     As a result of the foregoing, Mr. Bolanos, suffered conscious pain and suffering, damage, and injury.

## FORTH CLAIM FOR RELIEF
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34.     By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Mr. Bolanos.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Mr. Bolanos and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35.     As a result of the foregoing, Mr. Bolanos, suffered conscious pain and suffering, damage, and injury.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO OBTAIN INFORMED CONSENT

36.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.     The defendants by their agents, servants, employees, partners and/or others acting within their control failed to advise of the risks, hazards and danger inherent in the treatment rendered, failed to advise of the alternatives thereto and failed to obtain an informed consent.

38.     Defendants failed to disclose to the plaintiff such alternatives to the treatment and the reasonably foreseeable risks and benefits involved as a reasonable medical procedure under

7

similar circumstances would have been disclosed in a manner permitting the patient to make a

knowledgeable evaluation.

39.      A reasonably prudent person in plaintiff's position would not have undergone the

treatment or diagnoses if he had been fully informed and the lack of informed consent is a

proximate cause of the injury and/or condition for which relief is sought.

40.      As a result of the foregoing, deceased was disabled, suffered injuries, pain and mental

anguish, required medical care, incurred expenses and was permanently injured, and disabled.

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all

defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, and interest;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:      May 5, 2017
            New York, New York

                                    Respectfully submitted,


                                    By: _____
                                         David B. Rankin
                                         Rankin & Taylor, PLLC
                                         11 Park Place, Suite 914
                                         New York, New York 10007
                                         (212) 226-4507


8

## ATTORNEY'S VERIFICATION

I, David B. Rankin, an attorney duly admitted to practice before the Courts of the State of New York, affirm the following to be true under the penalties of perjury:

1)     I am the attorney of record for the Plaintiff.

2)     I have read the annexed Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are alleged upon information and belief, and as to those matters I believe them to be true. My beliefs, as to those matters therein not stated upon knowledge, are based upon facts, records, other pertinent information contained in my files.

This verification is made by me because Plaintiff does not reside in the County where I maintain my offices.

Dated:     May 5, 2017
New York, New York

Respectfully submitted,

By: _____
David B. Rankin
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 226-4507

9

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X   Index No. 508991/2017

JOSE GUADALUPE LLAGAS BOLANOS,

                                          Plaintiffs,          **VERIFIED ANSWER**

                    - against -

LUTHERAN MEDICAL CENTER PHYSICIAN
HOSPITAL ORGANIZATION, INC., LUTHERAN
MEDICAL CENTER COMMUNITY FOUNDATION,
INC., THOMAS LARKIN, M.D., OLEG MELNYK,
SHARIQUE NAZIR, M.D., RABIH NEMR, M.D.,
IRENA W. RYNCARZ, NAZIR TRAUMA, M.D.,
DIANA VERED, KIRILL ZAKHAROV, M.D.,
CHRISTOPHER ZAMBRANO, M.D., PIERSON
EBROM, EMANANUAL HOQUE, MIROSLAV
KOPP,

                                          Defendants.

-------------------------------------------------------------------X

       Defendant, **RABIH NEMR, M.D.,** by his attorneys, SCHIAVETTI, CORGAN,

DiEDWARDS, WEINBERG & NICHOLSON, LLP, answers the plaintiff's verified complaint,

upon information and belief as follows:

## PARTIES/ JURISDICTION

       1.        Denies any knowledge or information thereof sufficient to form a belief as

to the allegations set forth in paragraphs designated "1", "2", "3", "6", "8" and "10" of the

verified complaint.

2.      Denies each and every allegation set forth in paragraphs designated "5" and "7" of the verified complaint except admits that defendant RABIH NEMR, M.D. was and is licensed to practice medicine in the State of New York, has represented himself to be so licensed, and has engaged in the practice of his profession in New York

3.      Denies each and every allegation set forth in paragraph designated "9" of the verified complaint.

<u>VENUE</u>

4.      Denies any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "11" of the verified complaint.

<u>STATEMENT OF FACTS</u>

5.      Denies any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "12", "13", "14", "15" and "16" of the verified complaint.

<u>FIRST CLAIM</u>

6.      Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "16" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "17" of the complaint.

7.      Denies any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "18", "19" and "20" of the verified complaint.

2

8.    Denies each and every allegation set forth in paragraphs designated "21", "22", "23", "24" and "25" of the verified complaint

## SECOND CLAIM

9.    Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "25" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "26" of the complaint.

10.    Denies each and every allegation set forth in paragraphs designated "27", "28" and "29" of the verified complaint

## THIRD CLAIM

11.    Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "29" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "30" of the complaint.

12.    Denies any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "31" of the verified complaint.

13.    Denies each and every allegation set forth in paragraph designated "32" of the verified complaint.

3

## FOURTH CLAIM

14.    Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "32" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "33" of the complaint.

15.    Denies each and every allegation set forth in paragraphs designated "34" and "35" of the verified complaint.

## FIFTH CLAIM

16.    Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "35" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "36" of the complaint.

17.    Denies each and every allegation set forth in paragraphs designated "37", "38', "39" and "40" of the verified complaint.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

18.    That this Court lacks jurisdiction over the person of the defendant **RABIH NEMR, M.D.**

4

**AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

19.     That the alleged causes of action of the plaintiff, as stated in the complaint, are time-barred in that this action was not commenced within the period of the applicable Statute of Limitations.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

20.     That any injuries sustained or suffered by the plaintiff, as stated in the complaint herein, were caused in whole or in part by the comparative negligence, fault and/or want of care of the plaintiff and the amount of damages awarded herein, if any, should be denied or diminished in proportion to the amount of said culpable conduct and negligence of plaintiff.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

21.     To the extent that the plaintiff's complaint alleges defendant's failure to obtain an informed consent, defendant hereby assets each and every applicable defense set forth in Public Health Law Section 2805-d.

5

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

22.    That the alleged causes of action in the complaint should be dismissed for the plaintiff's failure to comply with CPLR 3012-a.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

23.    That the plaintiffs have failed to state a cause of action upon which relief can be granted.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

24.    The answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiffs for non-economic loss.

6

**AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

25.     The answering defendant reserves the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiffs for non-economic loss.

**AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

26.     In the event of the release and payment of any other defendant, that the amount of any verdict against answering defendant shall be reduced pursuant to General Obligations Law Section 15-108.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE COMPLAINT OF THE PLAINTIFFS, THE DEFENDANT ALLEGES:**

27.     In the event of the release and payment of any other defendant, that the amount of any verdict against answering defendant shall be reduced pursuant to General Obligations Law Section 15-108(a).

WHEREFORE, the defendant demands judgment dismissing the complaint of the plaintiffs herein together with the costs and disbursements of this action.

7

Dated:        New York, New York
              November 3, 2017

                        Yours, etc.

                        SCHIAVETTI, CORGAN, DiEDWARDS,
                        WEINBERG & NICHOLSON, LLP

                        By: _____
                              ERIC R. MISHARA
                        Attorneys for Defendant
                        **RABIH NEMR, M.D.**
                        Office and P.O. Address
                        575 Eighth Avenue, 14th Floor
                        New York, New York 10018
                        (212) 541-9100

TO:     RANKIN & TAYLOR, PLLC
        Attorneys for Plaintiff
        11 Park Place, Suite 914
        New York, New York 10007
        (212) 266-4507

UPON INFORMATION AND BELIEF, DEFENDANTS LUTHERAN MEDICAL CENTER
PHYSICIAN HOSPITAL ORGANIZATION, INC., LUTHERAN MEDICAL CENTER
COMMUNITY FOUNDATION, INC., THOMAS LARKIN, M.D., OLEG MELNYK,
HARIQUE NAZIR, M.D., IRENA W. RYNCARZ, NAZIR TRAUMA, M.D., DIANA VERED,
KIRILL ZAKHAROV, M.D., CHRISTOPHER ZAMBRANO, M.D., PIERSON EBROM,
EMANANUAL HOQUE, MIROSLAV KOPPHAVE NOT YET APPEARED IN THIS
ACTION.

8

NYSCEF DOC. NO. 20
INDEX NO. 509291/2017
RECEIVED NYSCEF: 11/03/2017

UPON INFORMATION AND BELIEF, DEFENDANTS LUTHERAN MEDICAL CENTER PHYSICIAN HOSPITAL ORGANIZATION, INC., LUTHERAN MEDICAL CENTER COMMUNITY FOUNDATION, INC., THOMAS LARKIN, M.D., OLEG MELNYK, HARIQUE NAZIR, M.D., IRENA W. RYNCARZ, NAZIR TRAUMA, M.D., DIANA VERED, KIRILL ZAKHAROV, M.D., CHRISTOPHER ZAMBRANO, M.D., PIERSON EBROM, EMANANUAL HOQUE, MIROSLAV KOPPHAVE NOT YET APPEARED IN THIS ACTION.

8

Case 1:18-cv-00719 Page 27 of 95 PageID #: 27

## ATTORNEY VERIFICATION

ERIC R. MISHARA, an attorney duly admitted to practice in the State of New York, states the following under the penalties of perjury:

That I am a partner with the firm of SCHIAVETTI, CORGAN, DiEDWARDS WEINBERG & NICHOLSON, LLP, the attorneys for the defendant, **RABIH NEMR, M.D.** in this action, that I have read the foregoing ANSWER and know the contents thereof, that the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to these matters I believe them to be true.

Affirmant further states that the reason this verification is made by me and not by the defendant is that the defendant **RABIH NEMR, M.D.,** does not have his principal place of business within the County of New York where SCHIAVETTI, CORGAN, DiEDWARDS WEINBERG & NICHOLSON, LLP, has their office.

All matters herein stated upon information and belief are based upon affirmant's file, correspondence and conversation with the defendant.

Dated:      New York, New York
            November 3, 2017

                                                ERIC R. MISHARA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------X    Index No. 508991/2017

JOSE GUADALUPE LLAGAS BOLANOS,

Plaintiffs,

**DEMAND FOR A
VERIFIED BILL OF
PARTICULARS**

- against -

LUTHERAN MEDICAL CENTER PHYSICIAN
HOSPITAL ORGANIZATION, INC., LUTHERAN
MEDICAL CENTER COMMUNITY FOUNDATION,
INC., THOMAS LARKIN, M.D., OLEG MELNYK,
SHARIQUE NAZIR, M.D., RABIH NEMR, M.D.,
IRENA W. RYNCARZ, NAZIR TRAUMA, M.D.,
DIANA VERED, KIRILL ZAKHAROV, M.D.,
CHRISTOPHER ZAMBRANO, M.D., PIERSON
EBROM, EMANANUAL HOQUE, MIROSLAV
KOPP,

Defendants.

----------------------------------------------------------------X

COUNSELLORS:

PLEASE TAKE NOTICE, that pursuant to Section 3041, Rules 3042 and

3043 and Section 3044 of the Civil Practice Law and Rules, you are hereby required to

serve a verified bill of particulars as the defendant, **RABIH NEMR, M.D.,** upon the

undersigned within thirty (30) days after the receipt of this demand.

The term "plaintiff" herein is defined as any and all plaintiffs and/or decedents, as

applicable.

In the event of your failure to comply with this demand for a verified bill of

particulars within that time, a motion will be made for an order precluding you from offering

any evidence on the causes of action alleged in the complaint concerning the following items:

1.     The date and times of day of each of the alleged negligent acts and/or omissions which will be alleged and claimed against the answering defendant herein.

2.     The exact location of each of the alleged negligent acts and/or omissions charged against the answering defendant herein; if in a hospital, state in what part of the said hospital each alleged negligent act took place.

3.     (a) State the condition(s) which it is claimed this defendant undertook to treat and upon which plaintiff's complaint is based.

(b) State each and every act or omission which you will claim as the basis of the alleged malpractice of the answering defendant herein;

(c) State the accepted customs, practices and medical standards which it is claimed were violated and departed from by answering defendant;

(d)  State the manner in which it is claimed the answering defendant departed from each of these customs, practices and medical standards.

4.     If plaintiff will claim that the defendant ignored complaints, signs and/or symptoms, made an erroneous diagnosis, afforded improper treatment, administered improper and/or contraindicated drugs, administered proper drugs in an incorrect dosage, failed to take or administer tests, or improperly took and administered tests, state:

(a)     The complaints, signs and/or symptoms that the answering defendant ignored.

(b)     In what respect the diagnosis by the defendant was erroneous and incorrect, what the claimed correct diagnosis should have been and the point in time that the plaintiff will claim this answering defendant should have made the correct diagnosis.

(c)     The name of each and every improper and/or contraindicated drug, if any, and the name of the defendant prescribing same.

(d)     The name of each drug allegedly administered incorrectly with the dosage that plaintiff will claim was the correct dosage.

(e)     The name and/or description of each and every test answering defendant failed to take or administer.

2

   (f)  The name of each and every test this answering defendant improperly took or administered at, and the manner which each such test was improperly taken or administered.

  5.  If plaintiff will claim that the defendant improperly performed a surgical procedure or procedures, or performed a surgical procedure that was contraindicated and/or unnecessary, or failed to perform a required surgical procedure, state:

   (a)  The name of the improperly performed, contraindicated or unnecessary surgical procedure and the date when it was performed.

   (b)  In what manner was the aforesaid surgical procedure improperly performed.

   (c)  Describe the procedure which should have been performed and which the defendant failed to perform.

  6.  If there are any claims of vicarious liability against the answering defendant herein, state the names of each and every person who performed the acts or failed to act. If the names are not known, describe them by physical appearances or occupations with sufficient clarity to make ready identification.

  7.  Set forth the names and section of the statutes, laws, ordinances, etc. it will be claimed the defendant violated.

  8.  (a)  State each procedure, operation or treatment performed by defendant for which it is claimed said defendant failed to disclose sufficient information to enable plaintiff to give an informed consent.

  For each such procedure, operation or treatment:

   (b)  State what risks were known to the plaintiff prior to said treatment, operation or procedure;

   (c)  State what benefits were known to the plaintiff prior to said treatment operation or procedure.

   (d)  State the circumstances making it reasonably possible for the defendant to obtain consent by or on behalf of the plaintiff.

   (e)  State what additional information, if any, the defendant should have provided concerning the treatment, operation or procedure.

  9.  (a)  With respect to the treatment rendered by the answering defendant

3

for which there is a claim of lack of informed consent, state the risks which plaintiff claims should have been disclosed;

     (b)    If it is claimed that plaintiff would not have undergone a particular procedure, state what alternative treatment, procedure or operation plaintiff claims were available to him/her.

10.    State the first and last dates on which it is claimed that this answering defendant treated or advised the plaintiff herein for the conditions complained of.

11.    (a)    State the injuries the plaintiff suffered as the result of the alleged negligence and/or malpractice of the answering defendant herein.

     (b)    State which injuries plaintiff will claim to be permanent.

12.    State whether or not the plaintiff has made any other claims for the same or similar injuries as are claimed herein, and if so, against whom such claim has been made, the status of such claim, and if litigation was brought or is pending, the Court in which the action was commenced, the index number and calendar number, if any, assigned thereto.

13.    State the length of time plaintiff was confined to each of the following by virtue of the acts or omissions of the answering defendant herein, and set forth the dates of confinement for each.

     (a)    Bed;

     (b)    House;

     (c)    Hospital;

     (d)    Nursing Home or other rehabilitative institution;

     (e)    Other.

14.    State separately the amounts claimed by the plaintiff as special damages for each of the following (provide name and address of each provider referred to with specific amount claimed):

     (a)    Physicians' services;

     (b)    Nurses' services;

     (c)    Medical supplies;

4

      (d)     Hospital expenses, with the names and addresses of all hospitals, and dates of admission and discharge for each hospital;

      (e)     Loss of earnings (giving names and addresses of employers). State the manner in which plaintiff's claim for loss of earnings was calculated;

      (f)     Any other expenses.

    15.    If plaintiff received reimbursement or indemnification for any of the special damages set forth in response to item number "16" above, or if payment of such bills or damages was made on the plaintiff's behalf, state:

      (a)     The amounts for which the plaintiff was reimbursed or indemnified, or payment of which was made on plaintiff's behalf;

      (b)     The services for which such amounts were reimbursed or indemnified, or for which payment was made on plaintiff's behalf;

      (c)     The source or sources of such reimbursement, indemnification or payment, including name, address and account number or identification number, if applicable.

    16.    State the:

      (a)     Occupation of the plaintiff;

      (b)     Name and address of his/her employer; if self-employed, state the address of his/her place of employment and the type of business or occupation in which he/she was engaged immediately prior to the occurrence;

      (c)     The length of time plaintiff was unable to attend his/her employment;

      (d)     The dates it is claimed plaintiff was totally disabled from employment and the dates it is claimed plaintiff was partially disabled from employment;

      (e)     Plaintiff's average weekly earnings;

      (f)     The amount of money plaintiff was alleged to have earned during each of the five (5 years prior to the occurrence);

      (g)     Other income the plaintiff was receiving and the sources thereof;

      (h)     The amount of earnings the plaintiff was alleged to have lost as a result of the occurrence.

5

17.    If it will be claimed that plaintiff lost profits from a business or enterprise as a result of the defendant's negligence, state the following:

(a)    Name of business and address.

(b)    Plaintiff's ownership, the capacity and interest in the business.

(c)    State the amount of profits and/or revenues plaintiff claims were lost as a result of defendant's negligence.

(d)    State the amount of net profit recorded by the business in the two (2) years prior to the alleged negligence.

18.    (a)    State the date and place of birth of each of the plaintiff(s).

(b)    State the social security number(s) of each of the plaintiff(s).

19.    State the residence address of each of the plaintiff(s).

(a)    At the time that the cause(s) of the action arose:

(b)    At the present time.

20.    (a)    If any of the claims of medical malpractice relate to the prescribing of a drug or medication, state:

1.    The name(s) of each such drug or medication prescribed;

2.    The date(s) of each prescription;

3.    The drugstore(s) where each prescription was filled;

4.    The number of times each prescription was filled;

5.    The prescription number of each prescription.

(b)    If any of the claims of medical malpractice relate to the contraindicated ordering or failure to timely or properly administer a drug or medication, state:

1.    The trade and generic name(s) of each drug or medication ordered or administered;

6

2.      The date(s) of each order or administration;

3.      The route of administration.

4.      The route of administration it is alleged should have been used.

5.      The place where each drug or medication was ordered or administered;

6.      The dosage(s) and number(s) of times each drug or medication was ordered or administered;

7.      The dosage(s) and number(s) of times each drug or medication should have been administered.

8.      In each instance, by whom said drug was said to have been prescribed, ordered or administered.

9.      The type of therapy or intended effect it will be alleged that the medication would have had if timely and properly administered.

10.     How it will be alleged that the failure to timely and properly administer said drug or medication caused injury to the plaintiff.

21.     State whether there are any liens as against any potential recovery in the instant action. If so, set forth names and addresses of any lien holders and the amounts of any such liens.


Dated:      New York, New York
            November 3, 2017

7

Yours, etc.

SCHIAVETTI, CORGAN, DiEDWARDS,
WEINBERG & NICHOLSON, LLP

By: _____
        ERIC R. MISHARA
Attorneys for Defendant
**RABIH NEMR, M.D.**
Office and P.O. Address
575 Eighth Avenue, 14th Floor
New York, New York 10018
(212) 541-9100

TO:    RANKIN & TAYLOR, PLLC
       Attorneys for Plaintiff
       11 Park Place, Suite 914
       New York, New York 10007
       (212) 266-4507

UPON INFORMATION AND BELIEF, DEFENDANTS LUTHERAN MEDICAL CENTER
PHYSICIAN HOSPITAL ORGANIZATION, INC., LUTHERAN MEDICAL CENTER
COMMUNITY FOUNDATION, INC., THOMAS LARKIN, M.D., OLEG MELNYK,
HARIQUE NAZIR, M.D., IRENA W. RYNCARZ, NAZIR TRAUMA, M.D., DIANA VERED,
KIRILL ZAKHAROV, M.D., CHRISTOPHER ZAMBRANO, M.D., PIERSON EBROM,
EMANANUAL HOQUE, MIROSLAV KOPPHAVE NOT YET APPEARED IN THIS
ACTION.

8

**CERTIFICATION**

I hereby certify that on November 3, 2017, I served the foregoing **VERIFIED ANSWER AND DEMAND FOR A VERIFIED BILL OF PARTICULARS**, on behalf of **RABIH NEMR, M.D.,** as follows:

electronically via the Electronic Court Filing System (ECF) and by depositing it in a U.S. Post Office box by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

> RANKIN & TAYLOR, PLLC
> Attorneys for Plaintiff
> 11 Park Place, Suite 914
> New York, New York 10007
> (212) 266-4507

I'm aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  New York, New York
        November 3, 2017

                              ___/s/John P. Kelly_____
                              JOHN P. KELLY

UPON INFORMATION AND BELIEF, DEFENDANTS LUTHERAN MEDICAL CENTER PHYSICIAN HOSPITAL ORGANIZATION, INC., LUTHERAN MEDICAL CENTER COMMUNITY FOUNDATION, INC., THOMAS LARKIN, M.D., OLEG MELNYK, HARIQUE NAZIR, M.D., IRENA W. RYNCARZ, NAZIR TRAUMA, M.D., DIANA VERED, KIRILL ZAKHAROV, M.D., CHRISTOPHER ZAMBRANO, M.D., PIERSON EBROM, EMANANUAL HOQUE, MIROSLAV KOPPHAVE NOT YET APPEARED IN THIS ACTION.

# Exhibit C

MLM-5096
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------x    **INDEX NO: 508991/17**
JOSE GUADALUPE LLAGAS BOLANOS,

                              Plaintiff(s),        **VERIFIED ANSWER**
              - against -                          **TO COMPLAINT**

LUTHERAN   MEDICAL   CENTER   PHYSICIAN
HOSPITAL  ORGANIZATION,  INC.,  LUTHERAN
MEDICAL  CENTER  COMMUNITY  FOUNDATION,
INC., THOMAS LARKIN, M.D., OLEG MELNYK,
SHARIQUE NAZIR, M.D., RABIH NEMR, M.D.,
IRENA W. RYNCARZ, NAZIR TRAUMA, M.D.,
DIANA  VERED,  KIRILL  ZAKHAROV,  M.D.,
CHRISTOPHER  ZAMBRANO,  M.D.,  PIERSON
EBROM, EMANUAL HOQUE, MIROSLAV KOPP,

                              Defendant(s).
----------------------------------------x

        Defendant(s), **SHARIQUE NAZIR, M.D.**, by his attorneys, AMABILE & ERMAN,

P.C., as and for his Verified Answer to Plaintiff's Complaint, respectfully

shows to this Court and alleges:

                        <u>PARTIES AND JURISDICTION</u>

        **FIRST:**          Denies any knowledge or information sufficient to

form a belief as to each and every allegation contained in Paragraph(s):  1,

2, 3, 4, 5, 6 and 7.

        **SECOND:**          Denies any knowledge or information sufficient to

form a belief as to each and every allegation contained in Paragraph(s):  8

and all questions of law are reserved to the Court.

        **THIRD:**          Denies each and every allegation contained in

Paragraph(s):  9.

        **FOURTH:**          Denies each and every allegation contained in

Case 1:18-cv-01810-RJD-SMG   Document 1   Filed 03/26/18   Page 39 of 95 PageID #: 891/2017

Paragraph(s):  10 and all questions of law are reserved to the Court.

### VENUE

**FIFTH:**          Denies each and every allegation contained in Paragraph(s):  11 and all questions of law are reserved to the Court.

### STATEMENT OF FACTS

**SIXTH:**          Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph(s):  12, 13, 14, 15 and 16.

### AS AND FOR A FIRST CLAIM FOR RELIEF

**SEVENTH:**          Repeats and reiterates each admission or denial heretofore made in response to Paragraph(s):  17.

**EIGHTH:**          Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph(s):  18, 19 and all questions of law are reserved to the Court.

**NINTH:**          Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph(s):  20.

**TENTH:**          Denies each and every allegation contained in Paragraph(s):  21, 22 and 25.

**ELEVENTH:**          Denies each and every allegation contained in Paragraph(s):  23, 24 and all questions of law are reserved to the Court.

### AS AND FOR A SECOND CLAIM FOR RELIEF

**TWELFTH:**          Repeats and reiterates each admission or denial heretofore made in response to Paragraph(s):  26.

**THIRTEENTH:**          Denies each and every allegation contained in

Case 1:18-cv-01810-RJD-SMG   Document 1-1   Filed 03/26/18   Page 40 of 95 PageID #: 40

Paragraph(s):  27, 28 and 29.

### AS AND FOR A THIRD CLAIM FOR RELIEF

**FOURTEENTH:**     Repeats and reiterates each admission or denial heretofore made in response to Paragraph(s):  30.

**FIFTEENTH:**     Denies each and every allegation contained in Paragraph(s):  31 and all questions of law are reserved to the Court.

**SIXTEENTH:**     Denies each and every allegation contained in Paragraph(s):  32.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

**SEVENTEENTH:**     Repeats and reiterates each admission or denial heretofore made in response to Paragraph(s):  33.

**EIGHTEENTH:**     Denies each and every allegation contained in Paragraph(s):  34 and all questions of law are reserved to the Court.

**NINETEENTH:**     Denies each and every allegation contained in Paragraph(s):  35.

### AS AND FOR A FIFTH CLAIM FOR RELIEF

**TWENTIETH:**     Repeats and reiterates each admission or denial heretofore made in response to Paragraph(s):  36.

**TWENTY-FIRST:**     Denies each and every allegation contained in Paragraph(s):  37, 38, 39 and 40.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**TWENTY-SECOND:**     Upon information and belief, that any injury which plaintiff may have sustained at the time and place set forth in the Complaint herein was caused wholly or in part, or was contributed to by the

Case 1:18-cv-01810-RJD-SMG Document 1 Filed 03/26/18 Page 41 of 95 PageID #: 441

culpable conduct and negligence of said plaintiff and the amount of damages awarded herein, if any, should be denied or diminished in proportion to the amount of said culpable conduct and negligence of said plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**TWENTY-THIRD:** Any past or future costs or expenses incurred, or to be incurred, by the plaintiff(s) for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss have been or will, with reasonable certainty, be paid or indemnified in whole or in part from collateral source as defined in CPLR § 4545.

If any such damages are recoverable against said defendant(s), the amount of such damages shall be diminished by the amount of the funds which plaintiff(s) have or shall receive from collateral source.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**TWENTY-FOURTH:** Any past or future costs or expenses incurred, or to be incurred, by the plaintiff(s) for: ambulatory patient services such as doctor visits; emergency services; hospitalization; maternity/newborn care; mental health services and substance use disorder services; prescription drug coverage; rehabilitative and habilitative services and devices; laboratory tests and services; preventative and wellness services including the management of chronic diseases; and Pediatric medical services, have been or will, with reasonable certainty, be paid or indemnified, in whole or in part, from The Patient Protection Affordable Care Act ("ACA"). The ACA and its Individual Mandate, codified

at 26 USC § 5000A requires that all Americans purchase and maintain health insurance.

If any such damages are recoverable against said defendant(s), the amount of such damages shall be diminished by the amount of the funds which plaintiff(s) have or shall receive from ACA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**TWENTY-FIFTH:** Any claim based upon lack of informed consent is barred by Public Health Law Section 2805(d).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**TWENTY-SIXTH:** That all the causes of action herein may not be maintained because they are barred by the Statute of Limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**TWENTY-SEVENTH:** Plaintiff has failed to comply with the provisions of CPLR § 3017(c).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**TWENTY-EIGHTH:** Any reference to punitive damages in the WHEREFORE clause of the Complaint should be stricken since New York does not recognize an independent Cause of Action for punitive damages. Moreover, punitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or activated by evil or reprehensible motives. Here, the plaintiff's allegations amount to nothing more than allegations of mere professional negligence and do not rise to the level of moral culpability

necessary to support a claim for punitive damages. (See, *Aronis v. TLC Vision Ctrs., Inc.*, 49 AD3d 576)

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**TWENTY-NINTH:** Plaintiff has failed to file and/or serve a certification required by CPLR § 3012-a.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**THIRTIETH:** Pursuant to Article 16 of the CPLR the liability, if any, of the answering defendant(s) for non-economic loss shall not exceed its equitable share of liability.

WHEREFORE, the defendant, **SHARIQUE NAZIR, M.D.**, demands judgment dismissing the Complaint of the plaintiff(s) with costs, interest and disbursements.

Dated: Staten Island, New York
       November 8, 2017

Yours, etc.,

AMABILE & ERMAN, P.C.

By: PAUL M. DeCARLO, ESQ.
    Attorneys for Defendant
    **SHARIQUE NAZIR, M.D.**
    1000 South Avenue
    Staten Island, NY 10314-3407
    (718) 370-7030

To: RANKIN & TAYLOR, PLLC
    11 Park Place, Suite 914
    New York, New York 10007
    Attorneys for Plaintiff

Case 1:18-cv-01810-RJD-SMG   Document 1   Filed 03/26/18   Page 44 of 95 PageID #: 44

MLM-5096

# V E R I F I C A T I O N

STATE OF NEW YORK    )
                    ) ss:
COUNTY OF RICHMOND   )

PAUL M. DeCARLO, being duly sworn, deposes and says:

That he is a member with the firm of AMABILE & ERMAN, P.C., attorneys for defendant, **SHARIQUE NAZIR, M.D.**, in this action. That he has read the foregoing **VERIFIED ANSWER** and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this verification is made by deponent and not by said defendant is that the defendant herein is in a county other than the one in which deponent maintains his office.

The source of deponent's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

_____
PAUL M. DeCARLO

Sworn to before me this
8th day of November, 2017

_____
NOTARY PUBLIC

ALEXANDRA KATE FORMICA
Notary Public, State of New York
No. 02FO6246068
Qualified in Richmond County
Commission Expires: _____

# Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------x

Jose Guadalupe Llagas Bolanos,

Plaintiff(s),

-against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

Defendant(s).

-------------------------------------------------------------------x

**VERIFIED ANSWER**

Index No.: 508991/17

The defendant, **THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.,** by his

attorneys, LAW OFFICES OF BENVENUTO & SLATTERY, answering the complaint of the

plaintiff(s), upon information and belief, respectfully shows to this Court and alleges:

**ANSWERING THE PARTIES AND JURISDICTION:**

1.    Denies any knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraphs "1", "2", "3" and "4" of the plaintiff(s)' complaint.

2.    Denies any knowledge or information sufficient to form a belief as to the truth of

the allegations in the form alleged contained in paragraphs "5", "6" and "7" of the plaintiff(s)'

complaint, except admits defendant **THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN,**

**M.D.** is a physician duly licensed to practice medicine in the State of New York.

3.    Denies any knowledge or information sufficient to form a belief as to the truth of

the allegations in the form alleged contained in paragraphs "8" and "10" of the plaintiff(s)'

complaint, and refers all questions of fact to the trier of fact and all questions of law to the Court.

4.      Denies each and every allegation in the form alleged contained in paragraph "9" of the plaintiff(s)' complaint.

## ANSWERING THE VENUE:

5.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged contained in paragraph "11" of the plaintiff(s)' complaint, and refers all questions of fact to the trier of fact and all questions of law to the Court.

## ANSWERING THE STATEMENT OF FACTS:

6.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged contained in paragraphs "12", "13", "14", "15" and "16" of the plaintiff(s)' complaint, and refers all questions of fact to the trier of fact and all questions of law to the Court.

## ANSWERING THE FIRST CLAIM FOR RELIEF MEDICAL MALPRACTICE:

7.      Answering paragraph "17" of the plaintiff(s)' complaint, the answering defendant repeats, reiterates and realleges each and every denial heretofore made in regard to each and every paragraph contained in the plaintiff(s)' complaint, designated as paragraphs "1" through "16" inclusive, with the same force and effect as if more fully set forth at length herein.

8.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged contained in paragraphs "18" and "19" of the plaintiff(s)' complaint, and refers all questions of fact to the trier of fact and all questions of law to the Court.

9.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the plaintiff(s)' complaint.

10.     Denies each and every allegation in the form alleged contained in paragraphs "21", "22", "23" and "24" of the plaintiff(s)' complaint.

Case 1:18-cv-01810-RJD-SMG   Document 1   Filed 03/26/18   Page 48 of 95 PageID #: 48

11.    Denies each and every allegation contained in paragraph "25" of the plaintiff(s)' complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF
## NEGLIGENCE AND NEGLIGENT HIRING AND RETENTION:

12.    Answering paragraph "26" of the plaintiff(s)' complaint, the answering defendant repeats, reiterates and realleges each and every denial heretofore made in regard to each and every paragraph contained in the plaintiff(s)' complaint, designated as paragraphs "1" through "25" inclusive, with the same force and effect as if more fully set forth at length herein.

13.    Denies each and every allegation in the form alleged contained in paragraphs "27" and "28" of the plaintiff(s)' complaint.

14.    Denies each and every allegation contained in paragraph "29" of the plaintiff(s)' complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF RESPONDEAT SUPERIOR
## LIABILITY OF THE CITY OF NEW YORK AND CORPORATE DEFENDANTS:

15.    Answering paragraph "30" of the plaintiff(s)' complaint, the answering defendant repeats, reiterates and realleges each and every denial heretofore made in regard to each and every paragraph contained in the plaintiff(s)' complaint, designated as paragraphs "1" through "29" inclusive, with the same force and effect as if more fully set forth at length herein.

16.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations in the form alleged contained in paragraph "31" of the plaintiff(s)' complaint, and refers all questions of fact to the trier of fact and all questions of law to the Court.

17.    Denies each and every allegation contained in paragraph "32" of the plaintiff(s)' complaint.

Case 1:18-cv-01618-RJD-SMG Document 1-7 Filed 03/26/18 Page 49 of 95 PageID #: 491

## ANSWERING THE FORTH CLAIM FOR RELIEF
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

18.    Answering paragraph "33" of the plaintiff(s)' complaint, the answering defendant repeats, reiterates and realleges each and every denial heretofore made in regard to each and every paragraph contained in the plaintiff(s)' complaint, designated as paragraphs "1" through "32" inclusive, with the same force and effect as if more fully set forth at length herein.

19.    Denies each and every allegation in the form alleged contained in paragraph "34" of the plaintiff(s)' complaint.

20.    Denies each and every allegation contained in paragraph "35" of the plaintiff(s)' complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF
## FAILURE TO OBTAIN INFORMED CONSENT:

21.    Answering paragraph "36" of the plaintiff(s)' complaint, the answering defendant repeats, reiterates and realleges each and every denial heretofore made in regard to each and every paragraph contained in the plaintiff(s)' complaint, designated as paragraphs "1" through "35" inclusive, with the same force and effect as if more fully set forth at length herein.

22.    Denies each and every allegation in the form alleged contained in paragraphs "37" and "38" of the plaintiff(s)' complaint.

23.    Denies each and every allegation contained in paragraphs "39" and "40" of the plaintiff(s)' complaint.

24.    Any paragraph not answered is deemed denied.

Case 1:18-cv-01819-RJD-SMG Document 1 Filed 03/26/18 Page 50 of 95 PageID #: 50

## AS AND FOR A FIRST DEFENSE,
## THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

25. The alleged causes of action set forth in the complaint did not accrue within the applicable statutory period preceding the commencement of said actions, and said actions are barred by the statute of limitations.

## AS AND FOR A SECOND DEFENSE,
## THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

26. In the event plaintiffs recover a verdict or judgment against defendants, such verdict or judgment must be reduced pursuant to §4545 of the CPLR by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiffs in whole or in part, for any past or future claimed economic loss, from any collateral source.

## AS AND FOR A THIRD DEFENSE,
## THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

27. That the answering defendant(s) reserve(s) the right to claim the limitations of liability pursuant to Article 16 of the CPLR, for any recovery herein by the plaintiff for non-economic loss.

## AS AND FOR A FOURTH DEFENSE,
## THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

28. The defendant asserts the defense of set-off to reduce the plaintiff's claims under §15-108 of the General Obligations Law.

## AS AND FOR A FIFTH DEFENSE,
## THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

29. If the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty

and/or contract other than of the plaintiff then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or statute, and/or warranty, and/or contract in fact or implied in law, upon the part of non-parties subject to in-personam jurisdiction, and if this pleading defendant is found negligent as to the plaintiff for the injuries and damages set forth in the plaintiff's complaint, then and in that event, the relative responsibilities of said pleading defendant must be apportioned by the percentage of liability of said non-parties subject to in-personam jurisdiction.

### AS AND FOR A SIXTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

30. If plaintiff is entitled to recover damages for loss of earnings or impairment of earning ability as against defendant **THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.** by reason of the matters alleged in the Complaint, liability for which is hereby denied, then pursuant to CPLR §4546 the amount of damages recoverable against said defendant, if any, shall be reduced by the amount of federal, state and local income taxes which the plaintiff would have been obligated by law to pay.

### AS AND FOR A SEVENTH DEFENSE,
### THIS ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

31. That any injuries sustained by plaintiff(s) at the time and place mentioned in the complaint were caused solely and wholly by reason of the carelessness, negligence, recklessness and acts or omissions on the part of the plaintiff and were not caused or contributed to by reason of any carelessness, negligence, recklessness or acts or omissions on the part of this answering defendant.

FILED: KINGS COUNTY CLERK 11/20/2017 08:56 AM INDEX NO. 509591/2017

NYSCEF DOC. NO. 33                                                    RECEIVED NYSCEF: 11/20/2017

**WHEREFORE,** the defendant, **THOMAS G. LARKIN, M.D.** s/h/a **THOMAS LARKIN, M.D.,** demands judgment dismissing the plaintiff(s)' complaint with the costs and disbursements of this action.

Dated: Roslyn, New York
       November 20, 2017

Yours, etc.,

LAW OFFICES OF
BENVENUTO & SLATTERY
Attorneys for Defendant
**THOMAS   G.   LARKIN,   M.D.   s/h/a
THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York  11576
516-775-2236

TO:     DAVID B. RANKIN, ESQ.
        Attorneys for Plaintiff
        11 Park Place, Suite 914
        New York, New York  10013
        212-226-4507

Case 1:18-cv-01818-RJD-SMG   Document 1   Filed 03/26/18   Page 53 of 95 PageID #: 53

# ATTORNEY'S VERIFICATION

FRANCA M. GULOTTA, ESQ. an attorney duly admitted and licensed to practice in the courts of this State affirms the following pursuant to CPLR 2106:

I am the attorney for the defendant, THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D., herein; and I have read the foregoing answer and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by the defendant personally is, that the defendant is not within the county where your affirmant has an office.

That the sources of your affirmant's information and the grounds of his/her belief as to the matters so alleged herein are investigations had by the defendant, his/her agents, servants and representatives into the subject matter hereof and correspondence relating thereto, reports of which investigations and copies of which correspondence are in the possession of your affirmant.

Dated: Roslyn, New York
      November 20, 2017

_Franca M. Gulotta_
FRANCA M. GULOTTA, ESQ.

Case 1:18-cv-01818-RJD-SMG Document 1 Filed 03/26/18 Page 54 of 95 PageID #: 591

INDEX NO. 508991/2017
RECEIVED NYSCEF: 11/20/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

<table>
<tr><td>Plaintiff(s),</td><td>**DEMAND FOR AUTHORIZATIONS**</td></tr>
<tr><td>-against-</td><td>Index No.: 508991/17</td></tr>
</table>

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

                                    Defendant(s).
------------------------------------------------------------------------x
S I R S:

**PLEASE TAKE NOTICE** that, within twenty (20) days from the date hereof, you are

required to serve the undersigned with duly executed authorizations, which include the address of

the party to whom the authorizations apply, permitting LAW OFFICES OF BENVENUTO &

SLATTERY, *or their authorized representatives,* to obtain copies of the records of:

1.    all collateral sources;

2.    employment records;

3.    pharmacy records;

4.    physical therapy records;

5.    all prior and subsequent treating physicians and facilities;

6.    Internal Revenue Service Form 4506, 1099's, W-2's for the past 5 years with two
      forms of identification;

7.    Medicare;

FILED: KINGS COUNTY CLERK 11/20/2017 08:56 AM
NYSCEF DOC. NO. 33

8.   Medicaid;

9.   Workers Compensation;

10.  all health care insurers;

11.  all orthopedists;

12.  all neurologists;

13.  primary care physician;

14.  Lutheran Medical Center Physician Hospital Organization, Inc.;

15.  Lutheran Medical Center Community Foundation, Inc.;

16.  Oleg Melnyk;

17.  Sharique Nazir, M.D.;

18.  Nazir Trauma, M.D.;

19.  Diana Vered;

20.  Kirill Zakharov, M.D.;

21.  Christopher Zambrano, M.D.;

22.  Pierson Ebrom;

23.  Emanual Hoque; and

24.  Miroslav Kopp.

**PLEASE TAKE FURTHER NOTICE** that, with respect to all authorizations for medical/hospital/healthcare records, the authorizations must comply with Federal HIPAA regulations.

Dated: Roslyn, New York
       November 20, 2017

Case 1:18-cv-01818-RJD-SMC   Document 1   Filed 03/26/18   Page 56 of 95 PageID #: 56

Yours, etc.,

LAW OFFICES OF BENVENUTO &
SLATTERY
Attorneys for Defendant
**THOMAS  G.  LARKIN,  M.D.  s/h/a**
**THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York 11576
516-775-2236

TO:    DAVID B. RANKIN, ESQ.
Attorneys for Plaintiff
11 Park Place, Suite 914
New York, New York  10013
212-226-4507

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

                                    Plaintiff(s),        **DEMAND FOR A**
                                                         **VERIFIED**
                                                         **BILL OF PARTICULARS**

            -against-
                                                         Index No.: 508991/17

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

                                    Defendant(s).
-------------------------------------------------------------------x
S I R S :

      **PLEASE TAKE NOTICE** that, pursuant to Rule 3042(a) of the Civil Practice Law and

Rules, you are hereby required to serve upon the undersigned attorneys for the defendant(s),

**THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.,** within thirty (30) days after

the service of a copy of this demand, a verified bill of particulars setting forth in detail the

following:

      1.    The dates and times of the day of the alleged negligent acts and/or omissions which

will be alleged against the defendant(s) herein.

      2.    The location of the alleged negligent acts and/or omissions charged against the

defendant(s) herein.

      3.    A statement of each and every act of negligence, commission or omission which

you will claim as the basis of the alleged malpractice of the defendant(s) herein.

4.      State the names of each and every person who performed such acts or failed to act; if the names are not known, describe the physical appearance with sufficient clarity for ready identification and state the occupation of each such person.

5.      State whether or not any claim is made as to improper or defective equipment and if so identify the equipment and state the defective conditions.

6.      Give a statement of the accepted medical practices, customs and medical standards which it is claimed were violated/departed from by the answering defendant.

7.      If the plaintiff(s) complains that the defendant(s) ignored signs, symptoms, made an erroneous diagnosis, afforded improper treatment, administered improper and/or contraindicated drugs in an incorrect dosage, failed to take or administer tests or improperly took and administered tests, state:

(a)      the complaints, signs, symptoms that the defendant(s) ignored;

(b)      in what respect the diagnosis was erroneous and incorrect, what the claimed correct diagnosis is, the point in time that the plaintiff claims the defendant(s) should have made the correct diagnosis;

(c)      the improper treatment that was afforded and in what manner the said treatment was improperly performed;

(d)      the name of each and every contraindicated drug;

(e)      the name of each proper drug allegedly administered incorrectly;

(f)      the name of each and every test the defendant(s) failed to take or administer; and,

(g)      the name of each and every test the defendant(s) improperly took or administered and the manner in which each said test was improperly taken or administered.

8.      If plaintiff(s) claims that defendant(s) improperly performed a physical examination or performed a contraindicated procedure and/or unnecessary procedure, state:

(a)     in what manner the physical examination was improperly performed;

(b)     the name of the surgical procedure and the date performed; and,

(c)     in what manner the surgical procedures were improperly performed.

9.     State the injuries which plaintiff(s) alleges to have sustained as a result of the alleged negligence and/or medical malpractice of the defendant(s).

9a.     State which of the injuries listed above are claimed to be permanent.

10.     If it will be claimed that the alleged injuries required hospitalization, state the name of each and every hospital with dates of confinement or outpatient treatment.

11.     If it will be claimed that the alleged injuries required confinement to bed or home, state the period plaintiff was confined to bed, and period plaintiff was confined to home.

12.     State separately the total amounts claimed by the plaintiff(s) as special damages for each of the following:

(a)     physicians' services (with the names and addresses of treating physicians);

(b)     nurses' services (including names and address of private duty nurse or agency);

(c)     medicine (with name and address of pharmacy); and,

(d)     hospital expenses (with the names and addresses of all hospitals).

13.     If loss of earnings will be claimed to have resulted from the alleged malpractice, set forth:

(a)     the amount of lost earnings claimed;

(b)     the plaintiff's gross earnings for the last calendar year prior to the alleged negligence;

(c)     the plaintiff's gross earnings for any calendar year during which it will be claimed plaintiff was incapacitated from work;

Case 1:18-cv-01818-RJD-SMG   Document 1   Filed 03/26/18   Page 60 of 95 PageID #: 60

(d)    other income the plaintiff was receiving;

(e)    name and address of employer(s) at the time plaintiff was incapacitated;

(f)    name of present employer and occupation, if different from 13(e).

14.    If it will be claimed that plaintiff(s) lost profits from a business or enterprise as a result of the defendant(s)' negligence, state the following:

(a)    name of business and address;

(b)    state plaintiff's ownership capacity and interest in business;

(c)    state amount of profits and/or revenues plaintiff claims were lost as a result of defendant's negligence; and,

(d)    state amount of net profit recorded by business in the two years prior to the alleged negligence.

15.    If it is anticipated that further loss of earnings will be incurred in the future as a result of the alleged malpractice, set forth:

(a)    anticipated future lost earnings; and,

(b)    the period of time it is anticipated that future loss of earnings will be incurred.

16.    State whether or not plaintiff(s) has been reimbursed for physician and/or hospital expenses.

(a)    If the answer is in the affirmative, state for which such claims plaintiff has been reimbursed, the amount of reimbursement received for each element of special damages and the name of the person, firm or organization who made such reimbursement.

(b)    If such reimbursement was made by an insurance company, state the number of the policy under which paid.

Case 1:18-cv-01810-RJD-SMG Document 1 Filed 03/26/18 Page 61 of 95 PageID #: 61

17.     If further medical expenses are anticipated as a result of the alleged malpractice, set forth the expenses and the anticipated period of time the expenses will be incurred for the following:

      (a)    physicians' expenses;

      (b)    hospital expenses;

      (c)    expenses for medicine;

      (d)    nursing expenses; and,

      (e)    other (specify).

18.     State the date of birth and present address of the plaintiff(s).

19.     Set forth the Social Security number of the plaintiff(s).

20.     Set forth by chapter, article, section and paragraph each statute, ordinance, rule or regulation, if any, which it is claimed the answering defendant(s) violated.


Dated: Roslyn, New York
      November 20, 2017

                            Yours, etc.,

                            LAW OFFICES OF
                            BENVENUTO & SLATTERY
                            Attorneys for Defendant
                            **THOMAS G. LARKIN, M.D. s/h/a**
                            **THOMAS LARKIN, M.D.**
                            1800 Northern Boulevard
                            Roslyn, New York  11576
                            516-775-2236


TO:    DAVID B. RANKIN, ESQ.
        Attorneys for Plaintiff
        11 Park Place, Suite 914
        New York, New York  10013
        212-226-4507

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

                     Plaintiff(s),

        -against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

                   Defendant(s).
------------------------------------------------------------------------x

**COMBINED DEMANDS**

Index No.: 508991/17

S I R S:

    **PLEASE TAKE NOTICE** that, pursuant to Article 31 of the Civil Practice Law and Rules, the defendant, **THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.,** hereby demands that you furnish the undersigned attorney for the aforesaid defendant(s) within twenty (20) days of the service of this Notice:

    1.    <u>STATEMENTS:</u>    Copies of all written or verbal statements, whether signed or otherwise, including but not limited to audio and/or video tape recordings of the aforesaid defendants, the agents, servants or employees of said defendants; complete copies of any and all medical records; insurance records; bills, statements or invoices; prescriptions or any writings received from or through said defendant(s) or any other source; or a notice or letter stating that you have no such statements.

2.    REPORTS AND AUTHORIZATIONS:    Copies of all existing and future reports of all physicians who have treated or examined the plaintiff in connection with the injuries for which recovery is sought (see Honig v. Westphal 52 N.Y.2d 605 (1981); duly executed and acknowledged authorizations permitting the defendant(s) to obtain and copy all hospital records, x-ray reports, physicians' records and all other records referred to in any physicians' report, and records of plaintiff's employment relating to wage and/or income loss.

3.    WITNESSES:    Pursuant to Article 31 of the CPLR, the New York State Rules of Court, and the applicable case law, we hereby demand that you furnish the undersigned attorney for the aforesaid defendant(s) the names and addresses of each and every witness to the incident and alleged malpractice which is the subject of the above entitled action; to any allegedly defective condition; to any notice of such condition to this defendant(s); to any admissions by these defendant(s); and to any other elements reflecting on liability and damages; and, all non-expert witnesses from whom the plaintiff intends to introduce testimony at the time of trial.

4.    PHOTOGRAPHS:    Pursuant to CPLR 3101, Reese v. Long Island Railroad, 259 N.Y.S.2d 231, aff'd, 262 N.Y.S.2d 195 (2d Dep't, 1965); Murdick v. Bush, 254 N.Y.S.2d 54; and Hayward v. Willard Mountain, Inc., 266 N.Y.S.2d 453, we hereby demand that you furnish the undersigned attorney for the aforesaid defendant(s) all existing and future photographs of the scene of the incident, which is the subject of this litigation, photographs of the instrumentalities involved in this litigation and photographs of the injuries and residuals of such injuries alleged to have been sustained.

5.    Pursuant to CPLR 4545, the undersigned demands that you forward to this office all documents or other information in your possession or in the possession of your clients concerning the costs of medical care, custodial care, or rehabilitation services, loss of earnings or

Case 1:18-cv-01818-RJD-SMG Document 1 Filed 03/26/18 Page 64 of 95 PageID #: 64

other economic loss which was replaced or indemnified, in whole or in part, from any collateral

source such as insurance, Social Security (except those benefits provided under Title XVIII of the

Social Security Act), Workers Compensation or employee benefit programs, except such collateral

sources entitled by law to liens against recovery of the plaintiff(s).

You are required, if you do not have one or more of the above, to submit a letter or affidavit

so stating within twenty (20) days of the service of this notice.

**UPON YOUR FAILURE TO COMPLY,** the defendant(s) shall rely on all sanctions

provided by law and/or a motion shall be made to the above Court for an Order directing

compliance plus costs of this motion.

Dated: Roslyn, New York
      November 20, 2017

Yours, etc.,

LAW OFFICES OF
BENVENUTO & SLATTERY
Attorneys for Defendant
**THOMAS G. LARKIN, M.D. s/h/a**
**THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York 11576
516-775-2236

TO:    DAVID B. RANKIN, ESQ.
       Attorneys for Plaintiff
       11 Park Place, Suite 914
       New York, New York 10013
       212-226-4507

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

Plaintiff(s),

-against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

Defendant(s).
-------------------------------------------------------------x

**NOTICE OF
DISCOVERY AND
INSPECTION**

Index No.: 508991/17

S I R S:

**PLEASE TAKE NOTICE** that, pursuant to Article 31 of the CPLR, the attorneys for

the plaintiff(s) are required to provide the following within twenty (20) days:

1. any radiologic films, tissue samples, pathology slides in possession of plaintiff(s) or plaintiff's attorneys;

2. any journals, calendars or diaries maintained by plaintiff(s) relative to the claims in this case;

3. any photographs or videotapes plaintiff(s) intends to use at trial;

4. any and all pleadings and transcripts pertaining to any other legal action which may be pending or completed which arose from the same injuries or claims as this lawsuit;

5. copies of any bills, paid checks, statements or invoices documenting any claimed special damages;

6. copies of any and all records and correspondence defendant **THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.**, as well as any other provider, provided and/or forwarded to plaintiff and/or plaintiff's counsel prior to the inception of this lawsuit and/or service of this demand; and

Case 1:18-cv-01818-RJD-SMG   Document 1   Filed 03/26/18   Page 66 of 95 PageID #: 66

7.    duplicates of all notices/correspondence/communication from any
health care provider claiming any right of subrogation or lien.

That such production and discovery will be made at the office of the undersigned, Law

Offices of BENVENUTO & SLATTERY, 1800 Northern Boulevard, Roslyn, New York 11576,

on December 27, 2017, at 10 o'clock in the forenoon of that day. This notice may otherwise be

complied with by the service of duplicates of the demanded items upon the offices of the

undersigned.

Dated: Roslyn, New York
November 20, 2017

Yours, etc.,

LAW OFFICES OF BENVENUTO &
SLATTERY
Attorneys for Defendant
**THOMAS G. LARKIN, M.D. s/h/a
THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York 11576
516-775-2236

TO:    DAVID B. RANKIN, ESQ.
Attorneys for Plaintiff
11 Park Place, Suite 914
New York, New York 10013
212-226-4507

Case 1:18-cv-01810-RJD-SMG   Document 1   Filed 03/26/18   Page 67 of 95 PageID #: 67

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

                      Plaintiff(s),

       -against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

                      Defendant(s).
------------------------------------------------------------------------x

**DEMAND FOR
TOTAL DAMAGES**

Index No.: 508991/17

S I R S:

      Defendant, **THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.**, requests a

supplemental demand setting forth the total damages to which the plaintiffs deem themselves to

be entitled.

Dated: Roslyn, New York
       November 20, 2017

                           Yours, etc.,

                           LAW OFFICES OF
                           BENVENUTO & SLATTERY
                           Attorneys for Defendant
                           **THOMAS G. LARKIN, M.D. s/h/a
                           THOMAS LARKIN, M.D.**
                           1800 Northern Boulevard
                           Roslyn, New York 11576
                           516-775-2236

TO:    DAVID B. RANKIN, ESQ.
       Attorneys for Plaintiff
       11 Park Place, Suite 914
       New York, New York 10013
       212-226-4507

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

        Plaintiff(s),

    -against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

        Defendant(s).
-----------------------------------------------------------------x

           **NOTICE TO TAKE
           DEPOSITION UPON
           ORAL EXAMINATION**

           Index No.: 508991/17

S I R S:

    **PLEASE TAKE NOTICE** that, pursuant to Article 31 of the Civil Practice Law and

Rules, the testimony upon oral examination of the plaintiff(s) whose address is:

      c/o   11 Park Pl., Ste. 914
        New York, NY 10013

as a party to this action will be taken before a Notary Public who is not an attorney, or employee

of an attorney, for any party or prospective party herein and is not a person who would be

disqualified to act as a juror because of interest or because of consanguinity or affinity to any party

herein, at Supreme Courthouse, County of Kings, 360 Adams Street, Brooklyn, NY 11201, on

December 27, 2017 at 10:00 o'clock in the forenoon of that day with respect to evidence material

and necessary in the defense of this action.

    That the said person(s) to be examined is(are) required to produce at such examination the

following:

    All pertinent records, x-rays, correspondence and file materials pertaining to this case.

Case 1:18-cv-01818-RJD-SMG   Document 1   Filed 03/26/18   Page 69 of 95 PageID #: 69

Dated: Roslyn, New York
      November 20, 2017

Yours, etc.,

LAW OFFICES OF
BENVENUTO & SLATTERY
Attorneys for Defendant
**THOMAS   G.   LARKIN,   M.D.   s/h/a**
**THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York  11576
516-775-2236

TO:    DAVID B. RANKIN, ESQ.
       Attorneys for Plaintiff
       11 Park Place, Suite 914
       New York, New York  10013
       212-226-4507

FILED: KINGS COUNTY CLERK 11/20/2017 08:56 AM
NYSCEF DOC. NO. 33

RECEIVED NYSCEF: 11/20/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

                    Plaintiff(s),

     -against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,


                    Defendant(s).
--------------------------------------------------------------------x

**EXPERT WITNESS
DEMAND**

Index No.: 508991/17

S I R S:

    **PLEASE TAKE NOTICE** that, pursuant to Article 31 of the CPLR, the defendant,

**THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.,** demands that you furnish to

the undersigned within twenty (20) days:

    1.    The name and address of each expert the plaintiff(s) intends to call at the time of

trial.

    2.    If the expert practices in a state where his/her profession is licensed, state nature of

profession, specialty, state where licensed, and date licensed.

    3.    If license has been revoked, suspended or reinstated, indicate dates and

circumstances surrounding revocation or suspension.

    4.    For each expert, list:

        (a)    professional/medical school attended;

        (b)    locations (hospitals) of internship/residence/fellowship;

        (c)    board certification.

5.  For each internship, residency or fellowship, list dates when each began and ended.

6.  For each expert, list the subject matter on which the expert is expected to testify.

7.  For each expert, list present hospital affiliations.

8.  For each expert, detail the substance of the facts and opinions on which the expert is expected to rely.

9.  List any articles, texts, treatises authored by each expert.

10.  List summary of grounds of each expert's opinion.

11.  Attach a copy of each expert's written report.

Dated: Roslyn, New York
November 20, 2017

Yours, etc.,

LAW OFFICES OF
BENVENUTO & SLATTERY
Attorneys for Defendant
**THOMAS G. LARKIN, M.D. s/h/a
THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York 11576
516-775-2236

TO:   DAVID B. RANKIN, ESQ.
Attorneys for Plaintiff
11 Park Place, Suite 914
New York, New York 10013
212-226-4507

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

Plaintiff(s),

    -against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

Defendant(s).
-------------------------------------------------------------------x

**DEMAND FOR
ECONOMIC EXPERT**

Index No.: 508991/17

S I R S:

    **PLEASE TAKE NOTICE** that, pursuant to CPLR 3101(d)(1), it is demanded that you respond to the following:

1.    If plaintiff(s) expects to call an economic expert, an economist, or actuary, state:

(a)    The identity of each expert and list:

    (i)    all undergraduate school(s) attended, giving dates of attendance and degree conferred;

    (ii)    all post graduate school(s) attended, giving dates of attendance and degree conferred;

    (iii)    all articles, texts, treatises authored or contributed to by each expert;

    (iv)    all academic positions held by each expert and the dates each position was held.

(b)    A specific description of the losses for which such calculations will be made (i.e., present value of the loss of future earnings, present value of second job earnings, present value of future medical expenses, etc.);

(c)    The undiscounted amount of such loss;

(d)    The present value of the dollar amount of such loss;

(e)    The discount rate applied by such persons to determine present value and the reason for such rate;

(f)    The number of years involved in such discounting process and the opinions and facts on which the economist bases the determination of that number of years;

(g)    With regard to testing concerning growth of future income on an annual or other basis at a projected rate of income greater than the income earned by the plaintiff when last employed, state the growth rate for such income as estimated by such person, the opinions and facts on which that estimate is based, and specify the publication and location by the defendant;

(h)    Specify each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify specifically the source material and page number on which such person bases his opinion or draws the facts on which he relied;

(I)    With regard to any information secured from any test, publication, graph, chart or study other than as already designated, specify such source material and page number;

(j)    In detail, state precisely the manner in which the person reached his or her conclusions, showing the mathematical calculations involved;

(k)    With regard to any report, memoranda, or any other matter in writing showing in whole or in part the expert's conclusions or the facts upon which such conclusions were based, state the date of such writing and the names and addresses of person(s) having copies of it; and

Case 1:18-cv-01810-RJD-SMG   Document 1   Filed 03/26/18   Page 74 of 95 PageID #: 0691/2017

    (I)     Attach a copy of each expert's written report.

This notice is a continuing demand for the information requested concerning trial experts. Failure to comply with the demand shall be grounds upon which these defendants will seek to preclude plaintiff(s) from introducing the expert'(s) testimony at trial; striking the complaint and dismissing the action; and, for such other relief as the court deems just and proper.

Dated: Roslyn, New York
       November 20, 2017

                        Yours, etc.,

                        LAW OFFICES OF
                        BENVENUTO & SLATTERY
                        Attorneys for Defendant
                        **THOMAS G. LARKIN, M.D. s/h/a**
                        **THOMAS LARKIN, M.D.**
                        1800 Northern Boulevard
                        Roslyn, New York  11576
                        516-775-2236

TO:    DAVID B. RANKIN, ESQ.
       Attorneys for Plaintiff
       11 Park Place, Suite 914
       New York, New York  10013
       212-226-4507

Case 1:18-cv-01810-RJD-SMG   Document 1   Filed 03/26/18   Page 75 of 95 PageID #: 75

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

Plaintiff(s),

-against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

Defendant(s).
------------------------------------------------------------------x

**NOTICE**

Index No.: 508991/17

    **PLEASE TAKE NOTICE** that, pursuant to Rule 2103(b)(5) of the CPLR, this office does

not accept service of legal papers or correspondence via facsimile.

    Kindly mark your file accordingly.

Dated: Roslyn, New York
       November 20, 2017

Yours, etc.,

LAW OFFICES OF
BENVENUTO & SLATTERY
Attorneys for Defendant
**THOMAS G. LARKIN, M.D. s/h/a**
**THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York 11576
516-775-2236

TO:    DAVID B. RANKIN, ESQ.
        Attorneys for Plaintiff
        11 Park Place, Suite 914
        New York, New York 10013
        212-226-4507

Case 1:18-cv-01818-RJD-SMG Document 1 Filed 03/26/18 Page 76 of 95 PageID #: 91/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,


                              Plaintiff(s),

        -against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,


                              Defendant(s),
------------------------------------------------------------------x

**DEMAND FOR
PARTIES AND
ATTORNEYS**

Index No.: 508991/17

S I R S:

        **PLEASE TAKE NOTICE** that, pursuant to CPLR §2103(e), the defendant, **THOMAS**

**G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.,** hereby demands that you furnish the

undersigned attorneys a list of those parties who have appeared in the above-captioned action,

together with the names and addresses of their attorneys.

Dated: Roslyn, New York
        November 20, 2017

                                    Yours, etc.,

                                    LAW OFFICES OF
                                    BENVENUTO & SLATTERY
                                    Attorneys for Defendant
                                    **THOMAS G. LARKIN, M.D. s/h/a**
                                    **THOMAS LARKIN, M.D.**
                                    1800 Northern Boulevard
                                    Roslyn, New York 11576
                                    516-775-2236

FILED: KINGS COUNTY CLERK 11/20/2017 06:56 AM
NYSCEF DOC. NO. 33

RECEIVED NYSCEF: 11/20/2017

TO:  DAVID B. RANKIN, ESQ.
     Attorneys for Plaintiff
     11 Park Place, Suite 914
     New York, New York  10013
     212-226-4507

FILED: KINGS COUNTY CLERK 11/20/2017 08:56 AM
NYSCEF DOC. NO. 33

Case 1:18-cv-01212-RJD-SMG Document 1 Filed 02/26/18 Page 78 of 95 PageID #: 98
INDEX NO. 508991/2017
RECEIVED NYSCEF: 11/20/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
Jose Guadalupe Llagas Bolanos,

<table>
<tr><td>Plaintiff(s),</td><td>**DEMAND FOR DISCLOSURE OF MEDICARE/MEDICAID LIEN INFORMATION**</td></tr>
</table>

-against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

Index No.: 508991/17

Defendant(s).
------------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and
Rules, the undersigned attorneys for defendant(s) hereby demand that you furnish the following
within 30 days of the service of this Notice:

    1.     A statement as to whether the plaintiff has received benefits from either Medicare
or Medicaid at any time, for any reason, not limited to the injuries alleged in the instant action. If
so, please provide:

        a.     Plaintiff's date of birth;

        b.     Plaintiff's Social Security Number;

        c.     The Medicare/Medicaid identification/file numbers;

        d.     The address of the office handling the Medicare/Medicaid file;

        e.     Copies of all documents, records, memorandums, notes, etc. in plaintiff's
possession pertaining to plaintiff's receipt of Medicare or Medicaid
benefits; and

f.      A duly executed HIPAA-compliant authorization bearing plaintiff's date of
birth and Social Security Number permitting this firm and other
representatives of the defendant(s) to obtain copies of plaintiff's Medicare
or Medicaid records.

If this matter involves a claim for wrongful death, information as to the Medicare/Medicaid
status of the decedent should be provided.

**PLEASE TAKE NOTICE**, that pursuant to the CPLR, this is a continuing Demand and
you are required to serve the demanded information by the earliest of the following:

a.      Within 30 days of the date of this Demand;

b.      Within 20 days of receiving the above-requested information; and

c.      No later than 30 days prior to the commencement of trial.

**PLEASE TAKE NOTICE**, that if you fail to comply with this Demand, defendant(s)
reserve their right to seek Court intervention and rely on all sanctions provided by law.

Dated: Roslyn, New York.
November 20, 2017

Yours, etc.,

LAW OFFICES OF
BENVENUTO & SLATTERY
Attorneys for Defendant
**THOMAS   G.   LARKIN,   M.D.   s/h/a
THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York 11576
516-775-2236

TO:     DAVID B. RANKIN, ESQ.
Attorneys for Plaintiff
11 Park Place, Suite 914
New York, New York 10013
212-226-4507

Case 1:18-cv-01819-RJD-SMG Document 1-7 Filed 03/26/18 Page 80 of 95 PageID #: 889
NYSCEF DOC. NO. 33
RECEIVED NYSCEF: 11/20/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------x

Jose Guadalupe Llagas Bolanos,

                Plaintiff(s),

        -against-

Lutheran Medical Center Physician Hospital
Organization, Inc., Lutheran Medical Center
Community Foundation, Inc., Thomas Larkin, M.D.,
Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr
M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana
Vered, Kirill Zakharov, M.D., Christopher Zambrano,
M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

                Defendant(s).

------------------------------------------------------------------x

**DEMAND FOR TRIAL
AUTHORIZATIONS**

Index No.: 508991/17

COUNSELORS:

    **PLEASE TAKE NOTICE** that, the below named attorneys demand that the plaintiff furnish the below named defendant(s) with the following, <u>at the time the Note of Issue is filed</u>:

**HIPAA COMPLIANT AUTHORIZATIONS FOR ALL PROVIDERS IDENTIFIED DURING DISCOVERY ENABLING THE DEFENDANTS TO SERVE SUBPOENAS FOR THE TRIAL OF THIS MATTER.**

    Said authorizations are to contain full and proper names and addresses, together with any necessary identifying information, such as Social Security Number, and are to be HIPAA compliant to obtain the requisite records, films and billing records.

    **PLEASE TAKE FURTHER NOTICE** that, failure to comply with the above demand will be the basis of a motion seeking appropriate relief, including, but not limited to dismissal of the complaint.

Dated: Roslyn, New York
       November 20, 2017

Case 1:18-cv-01818-RJD-SMG Document 1 Filed 03/26/18 Page 81 of 95 PageID #: 81

Yours, etc.,

LAW OFFICES OF
BENVENUTO & SLATTERY
Attorneys for Defendant
**THOMAS G. LARKIN, M.D. s/h/a
THOMAS LARKIN, M.D.**
1800 Northern Boulevard
Roslyn, New York 11576
(516) 775-2236

TO:    DAVID B. RANKIN, ESQ.
       Attorneys for Plaintiff
       11 Park Place, Suite 914
       New York, New York 10013
       212-226-4507

Case 1:18-cv-01810-RJD-SMG   Document 1   Filed 03/26/18   Page 82 of 95 PageID #: 82

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                              )    s.s.:
COUNTY OF NASSAU    )

Ann A. Gomez, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside in New Hyde Park, New York.

On November 20, 2017, deponent served the within **VERIFIED ANSWER, DEMAND FOR AUTHORIZATIONS, DEMAND FOR VERIFIED BILL OF PARTICULARS, COMBINED DEMANDS, NOTICE OF DISCOVERY AND INSPECTION, DEMAND FOR TOTAL DAMAGES, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION, EXPERT WITNESS DEMAND, DEMAND FOR ECONOMIC EXPERT, NOTICE REGARDING SERVICE, DEMAND FOR PARTIES AND ATTORNEYS, DEMAND FOR DISCLOSURE OF MEDICARE/MEDICAID LIEN INFORMATION and DEMAND FOR TRIAL AUTHORIZATIONS** upon the following party by electronic filing in accordance with plaintiff's Notice of Commencement of Action Subject to Mandatory Electronic Filing ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing).

TO:    DAVID B. RANKIN, ESQ.
        Attorneys for Plaintiff
        11 Park Place, Suite 914
        New York, New York 10013
        212-226-4507

_____
ANN A. GOMEZ

Sworn to before me this
20th day of November, 2017.

_____
NOTARY PUBLIC

MIREYA ORSINI
Notary Public, State of New York
No. 01OR6319582
Qualified in Nassau County
Commission Expires February 23, 20_19_

SUPREME COURT
STATE OF NEW YORK, COUNTY OF KINGS                    Index No. 508991/17

Jose Guadalupe Llagas Bolanos,

                           Plaintiff(s),

     -against-

Lutheran Medical Center Physician Hospital Organization, Inc., Lutheran Medical Center Community Foundation, Inc., Thomas Larkin, M.D., Oleg Melnyk, Sharique Nazir, M.D., Rabih Nemr M.D., Irena W. Ryncarz, Nazir Trauma M.D., Diana Vered, Kirill Zakharov, M.D., Christopher Zambrano, M.D., Pierson Ebrom, Emanual Hoque, Miroslav Kopp,

                           Defendant(s).

VERIFIED ANSWER, DEMAND FOR AUTHORIZATIONS, DEMAND FOR VERIFIED BILL OF PARTICULARS, COMBINED DEMANDS, NOTICE OF DISCOVERY AND INSPECTION, DEMAND FOR TOTAL DAMAGES, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION, EXPERT WITNESS DEMAND, DEMAND FOR ECONOMIC EXPERT, NOTICE REGARDING SERVICE, DEMAND FOR PARTIES AND ATTORNEYS, DEMAND FOR DISCLOSURE OF MEDICARE/MEDICAID LIEN INFORMATION AND DEMAND FOR TRIAL AUTHORIZATIONS

Law Offices of
**BENVENUTO & SLATTERY**
*Attorneys for Defendant(s)* THOMAS G. LARKIN, M.D. s/h/a THOMAS LARKIN, M.D.
*Office and Post Office Address, Telephone*
1800 NORTHERN BOULEVARD
ROSLYN, NEW YORK 11576
(516) 775-2236

FRANCA M. GULOTTA, ESQ.

To

Attorney(s) for

Service of a copy of the within
is hereby admitted
Dated: .................................... 20.......

.........................................................

**PLEASE TAKE NOTICE:**
☐ **NOTICE OF ENTRY**
that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on           20
☐ **NOTICE OF SETTLEMENT**
that an order of       of which the within is a true copy will be presented for settlement to the HON.      one
of the judges of the within named Court, on     20   at   M.   Dated,

                 Yours, etc.
              Law Offices of
           **BENVENUTO & SLATTERY**
           1800 NORTHERN BOULEVARD
           ROSLYN, NEW YORK 11576

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

```
                                               )
Jose Guadalupe Llagas Bolanos,                 )
                                               )
          Plaintiff,                           )
                                               )
     v.                                        )
                                               )
Lutheran Medical Center Physician Hospital Organization, )
Inc., Lutheran Medical Center Community Foundation,      )
Inc., Thomas Larkin, M.D., Oleg Melnyk, Sharique Nazir,  )
M.D., Rabih Nemr, M.D., Irena W. Ryncarz, Nazir          )
Trauma, M.D., Diana Vered, Kirill Zakharov, M.D.,        )
Christopher Zambrano, M.D., Pierson Ebrom, Emanual       )
Hoque, and Miroslav Kopp,                      )
                                               )
          Defendants.                          )
```

DECLARATION OF
MEREDITH TORRES

1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel,

Department of Health and Human Services (the "Department").   I am familiar with the official

records of administrative tort claims maintained by the Department as well as with the system by

which those records are maintained.

2.  The Department has a Claims Office that maintains in a computerized database a record of

administrative tort claims filed with the Department, including those filed with respect to federally

supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice

coverage.

3.  As a consequence, if an administrative tort claim had been filed with the Department with

respect to Sunset Park Health Council, Inc., d/b/a Lutheran Family Health Centers, its approved

delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4.   I have caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Jose Guadalupe Llagas Bolanos, and/or an authorized representative relating to Sunset Park Health Council, Inc., d/b/a Lutheran Family Health Centers.

5.   I have also reviewed official Agency records and determined that Sunset Park Health Council, Inc., d/b/a Lutheran Family Health Centers, was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2013 and that its coverage has continued without interruption since that time.   The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C.§ 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration.   A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Sunset Park Health Council, Inc., d/b/a Lutheran Family Health Centers, is attached to this declaration as Exhibit 1.

6.   Official Agency records also indicate that Dana Vered was an employee of Sunset Park Health Council Inc. d/b/a Lutheran Family Health Centers, at all times relevant to the Plaintiff's complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C.

§ 1746.

Dated at Washington, D.C., this ___9th___ day of ___March___, 2018.

MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

3

| | |
|---|---|
| **1. ISSUE DATE:** 11/14/2012 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000900-12-01 | |
| **2b. Supersedes:** [ ] | **DEPARTMENT OF HEALTH AND HUMAN SERVICES**<br>**HEALTH RESOURCES AND SERVICES ADMINISTRATION** |
| **3. COVERAGE PERIOD:**<br>FROM: 1/1/2013 THROUGH: 12/31/2013 | |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Sunset Park Health Council, Inc<br>150 55TH STREET<br>BROOKLYN, NY 11220-2559 | **◆◆HRSA**<br><br>**NOTICE OF DEEMING ACTION** |
| **6. ENTITY TYPE:** Grantee | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:**<br>Larry McReynolds | |
| **8a. GRANTEE ORGANIZATION:**<br>Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on:* 11/14/2012 8:25:51 AM

| FTCA DEEMING NOTICE NO.:<br>1-F00000900-12-01 | GRANT NUMBER:<br>H80CS07914 |  |
|---|---|---|

**Sunset Park Health Council, Inc**
**150 55TH STREET**
**BROOKLYN, NY 11220-2559**

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2013 through 12/31/2013.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 6/18/2013 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000900-13-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:**<br>**FROM:** 1/1/2014 **THROUGH:** 12/31/2014 | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Sunset Park Health Council, Inc<br>150 55TH STREET<br>BROOKLYN, NY 11220-2559 | **◆◆◆HRSA**<br><br>NOTICE OF DEEMING ACTION<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended,<br>Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>Larry McReynolds | |
| **8a. GRANTEE ORGANIZATION:**<br>Sunset Park Health Council, Inc | |
| **8b. GRANT NUMBER:** H80CS07914 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 6/18/2013 12:29:01 PM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000900-13-01 | GRANT NUMBER:<br>H80CS07914 |  |
|---|---|---|

Sunset Park Health Council, Inc
150 55TH STREET
BROOKLYN, NY 11220-2559

Dear Larry McReynolds:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Sunset Park Health Council, Inc to be an employee of the PHS, for the purposes of section 224, effective 1/1/2014 through 12/31/2014.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Sunset Park Health Council, Inc and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

# Exhibit F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE GUADALUPE LLAGAS BOLANOS,

        Plaintiff,

      v.

LUTHERAN MEDICAL CENTER PHYSICIAN
HOSPITAL ORGANIZATION, INC., LUTHERAN
MEDICAL CENTER COMMUNITY
FOUNDATION, INC., THOMAS LARKIN, M.D.,
OLEG MELNYK, SHARIQUE NAZIR, M.D.,
RABIH NEMR M.D., IRENA W. RYNCARZ,
NAZIR TRAUMA M.D., DIANA VERED, KIRILL
ZAKHAROV, M.D., CHRISTOPHER
ZAMBRANO, M.D., PIERSON EBROM,
EMANUAL HOQUE, MIROSLAV KOPP,

        Defendants.

Civil Action No. 18-CV-_____

(_____, J.)
(_____, M.J.)

---

### CERTIFICATION OF SCOPE OF EMPLOYMENT AND NOTICE OF SUBSTITUTION OF UNITED STATES AS PARTY DEFENDANT FOR DANA VERED s/h/a DIANA VERED

By virtue of the authority vested in this Office by the Attorney General pursuant to

28 C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect

to the incident alleged in the Verified Complaint, that Defendant Dana Vered s/h/a Diana Vered,

was acting within the scope and course of her federal employment as an employee of the Sunset

Park Health Council Inc. d/b/a Lutheran Family Health Centers (the "Health Center"), an approved

delivery site under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n)

("FSHCAA"), and grantee of the United States Department of Health and Human Services, at the

time of the incident over which the above-referenced action arose.

1

Accordingly, pursuant to 42 U.S.C. § 233(a), (c), (g), and 28 U.S.C. § 2679(d)(2), the United States of America is hereby substituted by operation of law as a party defendant for Defendant Dana Vered s/h/a Diana Vered, and any and all claims asserted in the Verified Complaint against Defendant Dana Vered s/h/a Diana Vered shall be, and hereby are, deemed to be claims for relief against the United States of America.

Dated: Brooklyn, New York
      March 26, 2018

                          RICHARD P. DONOGHUE
                          United States Attorney
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201

        By:

                          SEAN P. GREENE
                          Assistant U.S. Attorney
                          (718) 254-6484
                          sean.greene@usdoj.gov

To:    David B. Rankin, Esq. (by ECF and Federal Express)
        BELDOCK LEVINE & HOFFMAN LLP
        99 Park Avenue, PH/26th Floor
        New York, New York 10016
        (212) 277-5825
        *Attorneys for Plaintiff*

        Kathryn R. Baxter, Esq. (by ECF and Federal Express)
        Ida R. Nininger, Esq.
        Nancy J. Block, Esq.
        MARTIN CLEARWATER & BELL, LLP
        220 East 42nd Street, 13th Floor
        New York, New York 10017
        (212) 697-3122
        *Attorneys for Defendants Lutheran Medical Center Physician Hospital Organization, Inc., Lutheran Medical Center Community Foundation, Inc., Oleg Melnyk, Irena W. Ryncraz, Kirill Zakharov, M.D., Pierson Ebrom, D.O., Emanual Hoque, P.A., and Miroslav Kopp*

2

Eric R. Mishara, Esq. (by ECF and Federal Express)
John P. Kelly, Esq.
SCHIAVETTI, CORGAN, DIEDWARDS, WEINBERG & NICHOLSON, LLP
575 Eighth Avenue, 14th Floor
New York, New York 10018
(212) 541-9100
*Attorneys for Defendant Rabih Nemr, M.D.*

Paul M. DeCarlo, Esq. (by ECF and Federal Express)
Stephanie M. Berger, Esq.
AMABILE & ERMAN, P.C.
1000 South Avenue
Staten Island, New York 10314
(718) 370-7030
*Attorneys for Defendant Sharique Nazir, M.D.*

Franca M. Gulotta, Esq. (by ECF and Federal Express)
LAW OFFICES OF BENVENUTO & SLATTERY
1800 Northern Boulevard
Roslyn, New York 11576
(516) 775-2236
*Attorneys for Defendant Thomas G. Larkin, M.D. s/h/a Thomas Larkin, M.D.*

3